UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DOUGLAS,

    Plaintiff,

v.

BARRY MINTZES,

    Defendant.
_____/

Consolidated Cases:
Case No. 80-73209 [Lead Case/Larry Douglas]
Case No. 80-74700 [Leon Douglas]
Honorable Denise Page Hood

**ORDER DENYING WITHOUT PREJUDICE RULE 60(d) MOTION,
ORDER DENYING MOTION FOR RELEASE ON BOND PENDING
RESOLUTION OF RULE 60(d) MOTION AND ORDER DIRECTING
CLERK TO TRANSFER LEON DOUGLAS' FED. R. CIV. P. 60(d)
MOTION TO THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

    Before the Court is Leon Douglas' Rule 60(d) Motion for Relief from Judgment and Motion for Release on Bond Pending Resolution of Rule 60(d) Motion. On May 29, 1981, a Memorandum Opinion, Order and Judgment were filed denying Writs of Habeas Corpus filed by Leon Douglas and Larry Douglas. (Doc. No. 1, Docket of Case No. 80-74700 and Doc. No. 3, Docket of Case No. 80-73209)[1] Based on the Court's records, it appears that no appeals were filed. *Id.*

    Douglas cites Rule 60(d)(3) in his motion which authorizes the court to set aside a judgment for fraud on the court. In general, Rule 60(b) governs motions for relief from judgment or order. Rule 60(b) sets forth the grounds for relief from a judgment or order. Specifically, Rule 60(b)(3)

---

[1] The matter was assigned in 1980 to the Honorable Patricia J. Boyle. Other than the summary docket, the physical file is no longer in the Clerk's Office in this District.

provides grounds for relief from judgment based on fraud. Fed. R. Civ. P. 60(b)(3). Douglas in the instant motion asserts that the fraud upon this court, began with the jury trial in the state court in 1974 and continued before this court in 1980 in the defense's pleadings and submissions. (Motion, p. 1, n. 1)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et. seq.*, amended 28 U.S.C. §§ 2244, 2253, and 2254, governs habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The Sixth Circuit requires a successive § 2255 motion to be transferred to the Sixth Circuit Court of Appeals. *In re Nailor,* 487 F.3d 1018, 1022-23 (6th Cir. 2007). Any Rule 60(b) motion is considered a second or successive petition or § 2255 motion which must be transferred to the Sixth Circuit Court of Appeals for certification. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997); *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005).

**ACCORDINGLY**,

**IT IS ORDERED** that Leon Douglas' Rule 60(d)(3) motion **[No. 2, 2/24/2011]** is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk is directed to **TRANSFER** the Rule 60(d)(3) Motion to the Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that Leon Douglas' Motion for Release on Bond Pending Resolution of Rule 60(d) Motion **[No. 4, 6/27/2011]** is **DENIED**.

 S/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated: September 23, 2011

I hereby certify that the foregoing document was served upon counsel of record electronically and/or by U.S. Postal mail in September 23, 2011 to Leon Douglas #13215, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

S/LaShawn Saulsberry
Case Manager